IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **VALMARC CORPORATION**, | Case No. 3:21-cv-1556-IM |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| **NIKE, INC., and CONVERSE, INC.**, | |
| Defendants. | |

**IMMERGUT, District Judge.**

This matter comes before this Court on Plaintiff VALMARC Corporation's ("Plaintiff") Motion to Compel Documents and Metadata Related to Nike's Shared Workspaces. ECF 99. Plaintiff moves to compel Nike, Inc. ("Defendant Nike") to produce the following: (1) documents stored on Defendant Nike's shared workspaces that are hyperlinked in documents that Defendant Nike has already produced; (2) metadata or other information that would allow Plaintiff to identify the documents hyperlinked in documents that Defendant Nike has produced; and (3) metadata and records generated by Defendant Nike's shared workspaces related to documents that Defendant Nike has produced that are stored on shared workspaces. *Id.* at 2. This Court held a hearing on Plaintiff's motion on April 21, 2023. For the reasons stated on the record and set forth

PAGE 1 – ORDER

below, Plaintiff's Motion is GRANTED in part and DENIED in part.

## BACKGROUND

Defendant Nike employees routinely use cloud-based workspaces, including Box.com and Confluence, to store and share files. ECF 99 at 3; *see also* ECF 103 at ¶ 7; ECF 102 at ¶ 17. Rather than attaching a document to an email, Defendant Nike employees often share documents by including a hyperlink to the document in the email. ECF 99 at 3. When clicked, the hyperlink directs the recipient to the document, which is stored on a cloud workspace. *Id.* However, only people with Nike credentials can access the workspaces. *Id.* Defendant Nike has produced at least 2,500 responsive documents that contain hyperlinks to documents stored on cloud workspaces. *Id.* at 5. The parties indicated at the April 21, 2023 hearing that most of these documents are emails. When Plaintiff tries to access the documents, Plaintiff is prompted to provide Nike credentials. *Id.* at 4. As a result, Plaintiff has not been able to view the hyperlinked documents or match the documents to the emails in which the documents are shared. *Id.* at 3.

Plaintiff argues that Defendant Nike should produce documents in a way that allows Plaintiff to match emails to their corresponding hyperlinked documents, *id.* at 8, and should produce metadata regarding sharing and access to documents stored on shared workspace systems, *id.* at 13. Plaintiff also argues that the burden to Defendant Nike is not disproportionate, *id.* at 9, and that this Court should award reasonable fees and expenses if this motion is granted, *id.* at 15. Defendant Nike responds that hyperlinked documents need not be produced in a way that allows Plaintiff to match emails to their corresponding hyperlinked documents because hyperlinks are categorically different than email attachments, ECF 101 at 4, and because it would be unduly burdensome to collect the requested documents, *id.* at 7. Defendant Nike also argues that there is no authority for Plaintiff's argument that it is entitled to metadata generated by the workspace platforms, *id.*, and that a fee award is unwarranted, *id.* at 9.

PAGE 2 – ORDER

## LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" based on the following considerations: (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources, (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Under Rule 34(a), a party "may serve on any other party a request within the scope of Rule 26(b)" to produce, in relevant part, "any designated documents or electronically stored information." Fed. R. Civ. P. 34(a)(1)(A)–(B). Rule 34(a) "applies to electronic data compilations from which information can be obtained only with the use of detection devices, and that when the data can as a practical matter be made usable by the discovering party only through respondent's devices, respondent may be required to use his devices to translate the data into usable form." Fed. R. Civ. P. 34(a) advisory committee's note to 1970 amendment.

A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). Under the liberal discovery principles of the Federal Rules, the party resisting discovery bears a "heavy burden" of showing why discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). If the motion to compel is granted, a court "must, after giving opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, a court must not order payment if (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," (2) "the opposing party's nondisclosure, response, or objection was substantially justified," or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

PAGE 3 – ORDER

## DISCUSSION

### 1. Hyperlinked Documents Stored on Shared Workspaces

This Court first considers Plaintiff's motion to compel all documents stored on Defendant Nike's shared workspaces that are hyperlinked in the 2,500 documents that have already been produced by Defendant Nike. Plaintiff argues that Defendant Nike "indisputably would have to produce the hyperlinked documents if they instead were attached to responsive emails [and] should not be permitted to shortcut its discovery obligations simply because it chose to send documents by hyperlink rather than attachment." ECF 99 at 13. Plaintiff further argues that determining which documents were sent to which personnel is critical to Plaintiff's trade secret misappropriation case and that the costs to Defendant Nike are not disproportionate. *Id.* at 11.

Defendant Nike seems to concede that if the documents were shared as attachments rather than as hyperlinks, Defendant Nike would be obligated to produce the documents. *See* ECF 101 at 6. This Court notes that courts in the Ninth Circuit "have long recognized that an email and its attachment comprise one document or message unit and consistently require a producing party to re-link the emails with the attachments or re-produce the emails with their attachments." *Symettrica Ent., Ltd. v. UMG Recordings, Inc.*, No. CV 19-1192-CJC (KS), 2020 WL 13311682, at *5 (C.D. Cal. July 17, 2020) (internal quotation marks and citation omitted) (collecting cases); *see also Virco Mfg. Corp. v. Hertz Furniture Sys.*, No. CV 13-2205 JAK(JCX), 2014 WL 12591482, at *5 (C.D. Cal. Jan. 21, 2014). Indeed, courts have ordered parties to match emails with attachments or produce emails along with their attachments even when the withholding party argues that doing so would require a tedious, manual process. *See, e.g.*, *Pom Wonderful LLC v. Coca-Cola Co.*, No. CV086237SJOFMOX, 2009 WL 10655335, at *3 (C.D. Cal. Nov. 30, 2009).

However, Defendant Nike claims that hyperlinked documents are categorically different than email attachments and argues that producing hyperlinked documents would be unduly

PAGE 4 – ORDER

burdensome. ECF 101 at 4–6. Defendant Nike explains that there is no automatic method to identify and collect the hyperlinked documents. ECF 101 at 2, 7. Nonetheless, in light of the complex issues in this case, Defendant Nike's resources—including eleven attorneys who have entered appearances in this action—and the amount at stake in this litigation, *see* ECF 99 at 11 (indicating hundreds of millions of dollars are at stake in this case), Plaintiff's request is not unduly burdensome.

This Court finds that documents hyperlinked to an email are analogous to documents attached to an email and that Plaintiff is entitled to receive the linked documents together with their corresponding emails as one message unit. As this Court explained at the April 21, 2023 hearing, emails produced without their corresponding hyperlinked documents are deficient. Plaintiff can only fully understand the hyperlinked documents by considering them in context with the emails in which they are shared and should not be disadvantaged by Defendant Nike's choice to use cloud-based workspaces. Thus, even if Defendant Nike has already produced all of the hyperlinked documents, Defendant Nike must now produce the linked documents in a way that allows Plaintiff to match those documents with their corresponding emails.

Nonetheless, because this Court is mindful of the burden to Defendant Nike, at this point, this Court will narrow the scope of Plaintiff's request to 700 documents with hyperlinks, with leave to expand the request for good cause once Defendant Nike has complied with this Order and additional conferral has occurred. *See, e.g.*, *Shenwick v. Twitter, Inc.*, No. 16-CV-05314-JST (SK), 2018 WL 5735176, at *1 (N.D. Cal. Sept. 17, 2018) (permitting Plaintiff to identify 200 documents with hyperlinks out of the 725 documents with hyperlinks at issue for production). Accordingly, Plaintiff may identify up to 700 documents containing hyperlinks for which Plaintiff seeks the associated linked documents. Within sixty days of Plaintiff's identification of the 700 documents with hyperlinks, Defendant Nike is ORDERED to produce the linked documents

PAGE 5 – ORDER

associated with the 700 documents that Plaintiff chooses. The documents must be produced in a way that allows Plaintiff to match the emails—or other documents in which hyperlinks are contained—with the associated linked documents. Accordingly, Plaintiff's Motion is GRANTED as to the linked documents associated with up to 700 documents with hyperlinks. Plaintiff's Motion is DENIED at this time as to the remaining documents at issue.

### 2. Metadata or Other Information Allowing Plaintiff to Identify Hyperlinked Documents

Plaintiff also moves to compel metadata or other information that would allow Plaintiff to "match documents stored on Nike's shared workspace with hyperlinks in Nike-produced documents." ECF 99 at 8. Defendant Nike responds that this information "does not exist and is not kept by Nike in the ordinary course" and argues that Defendant Nike need not create or produce this information. ECF 101 at 6. As stated above, Defendant Nike is ordered to produce the linked documents associated with 700 documents containing hyperlinks of Plaintiff's choosing—Defendant Nike must produce these documents in a way that allows Plaintiff to match the linked documents with their corresponding emails. Assuming that Plaintiff is provided with the information ordered above, this Court finds Plaintiff's additional request for matching information unnecessary. Accordingly, Plaintiff's Motion is DENIED as MOOT to as to matching information.

### 3. Metadata and Records Generated by Shared Workspace

Finally, Plaintiff moves to compel metadata or records that are generated by the shared workspace platforms used by Defendant Nike. ECF 99 at 13. Plaintiff explains that the shared workspace platforms generate "automated emails in certain situations, such as when a document is revised or a document or folder is first shared with a user." *Id.* Plaintiff further explains that the shared workspace platforms also generate metadata on sharing, access, and revisions, including

PAGE 6 – ORDER

through Box.com's "Content Insights," and "Access Stats," tools. *Id.* Defendant Nike responds that there is no authority for Plaintiff's request, and that the request is unwarranted given the significant burdens to collecting this information. ECF 101 at 7.

Numerous district courts in the Ninth Circuit have made clear that the metadata that corresponds with responsive documents is discoverable. *See, e.g.*, *Int'l Longshore & Warehouse Union v. ICTSI Oregon, Inc.*, No. 3:12-CV-1058-SI, 2018 WL 6305665, at *10 (D. Or. Dec. 3, 2018) (suggesting that documents produced without metadata would be "an unreasonable format"); *NetRatings, Inc. v. Webtrends, Inc.*, No. CV 06-1420-HA, 2007 WL 9808332, at *2 (D. Or. Oct. 25, 2007) (ordering defendant to give plaintiff access to database of responsive documents "with its complete metadata, native file format, and original file structure information"); *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309943, at *2 (E.D. Cal. Jan. 30, 2007) (ordering production of responsive documents in electronic format along with any metadata); *Rodriguez v. City of Fresno*, No. 1:05cv1017 OWW DLB, 2006 WL 903675, at *3 (E.D. Cal. Apr. 7, 2006) (ordering production of metadata for responsive documents, including what changes were made to the documents); *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1122 (N.D. Cal. 2006) (ordering production of "documents in their native file format, with original metadata").

At the April 21, 2023 hearing on Plaintiff's motion, Defendant Nike explained that it has provided "routine" metadata along with responsive documents, including the date that a file was created, and by whom, and the date on which a file was last modified.[1] Defendant Nike argued

---

[1] Defendant Nike also explained that it has produced some automated emails generated by Box.com, but that this is a user-dependent feature that is not used by most Nike employees. Plaintiff represented it simply wants to know who had access to the documents, who edited the documents, and when the documents were edited. Plaintiff stated that it identified the automatic

PAGE 7 – ORDER

that the information requested by Plaintiff is not routine metadata. As this Court explained on the record, Plaintiff is entitled to the following information: who created responsive documents, when those documents were created, when they were shared, with whom they were shared, when they were modified, and by whom they were modified. Defendant Nike argued that there is no way to produce this information without building a script because Defendant Nike "does not maintain" this information. *See also* ECF 103 at ¶¶ 29, 40. However, Defendant Nike then seemed to concede that this information can, in fact, be accessed, but that it would require a manual process, that includes inspecting each document's access and revision history.

Accordingly, Defendant Nike is ORDERED to produce the following information for the linked documents associated with the 700 documents with hyperlinks chosen by Plaintiff: who created the document, when the document was created, when it was shared, with whom it was shared, when it was modified, and by whom it was modified. Defendant Nike may produce this information in whatever form is most efficient. Accordingly, Plaintiff's Motion is GRANTED as to metadata for the hyperlinked documents associated with the 700 documents chosen by Plaintiff. Plaintiff's Motion is DENIED as to this information for the remaining documents requested, consistent with this Order, with leave to renew.

### 4. Award of Reasonable Fees and Expenses

Finally, Plaintiff requests that this Court award reasonable fees and expenses associated with this motion. ECF 99 at 15. In light of Defendant Nike's legitimate burden concerns, this Court finds that fees are not warranted. Plaintiff's Motion is DENIED as to its request for reasonable fees and expenses.

---

emails, and the Content Insights and Access Stats reports, as an easy way for Defendant Nike to produce this information.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel is GRANTED in part and DENIED in part. Plaintiff may identify up to 700 documents with hyperlinks for which Plaintiff seeks the associated linked documents and metadata. Defendant is ORDERED to produce the associated linked documents and metadata in accordance with this Order within sixty days of Plaintiff's identification of 700 documents.

**IT IS SO ORDERED.**

DATED this 24th day of April, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge