**BARTLIT BECK LLP**
Nevin M. Gewertz (*pro hac vice*)
nevin.gewertz@bartlitbeck.com
Joshua P. Ackerman (*pro hac vice*)
joshua.ackerman@bartlitbeck.com
Anastasiya Maione (*pro hac vice*)
stacy.maione@bartlitbeck.com
54 W Hubbard Street
Chicago, IL 60654
(312) 494-4400

**HILGERS GRABEN, PLLC**
Jon B. Hyland (*pro hac vice*)
jhyland@hilgersgraben.com
Bennett Rawicki (*pro hac vice*)
brawicki@hilgersgraben.com
7859 Walnut Hill Lane, Suite 335
Dallas, TX 75230
469-640-6842

**MARKOWITZ HERBOLD PC**
Adam M. Starr
adamstarr@markowitzherbold.com
1455 SW Broadway, Suite 1900
Portland, OR 97201
(503) 295-3085

*Attorneys for Plaintiff*
*Additional counsel in Signature Block*

**DLA PIPER LLP (US)**
Richard T. Mulloy (*pro hac vice*)
richard.mulloy@dlapiper.com
Stan Panikowski (*pro hac vice*)
stanley.panikowski@dlapiper.com
Edward H. Sikorski (*pro hac vice*)
ed.sikorski@dlapiper.com
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133

Ilana H. Eisenstein (*pro hac vice*)
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103-7300

Ferlillia V. Roberson (*pro hac vice*)
ferlillia.roberson@dlapiper.com
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089

**STOEL RIVES LLP**
B. John Casey (OSB No. 120025)
john.casey@stoel.com
Elliott Williams (OSB No. 144835)
elliott.williams@stoel.com
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205

*Attorneys for Defendants*
*Additional counsel in Signature Block*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| VALMARC CORPORATION,<br>*Plaintiff*,<br>v.<br><br>NIKE, INC., and CONVERSE, INC.,<br>*Defendants*. | Case No. 3:21-cv-01556-IM<br><br>**JOINT MOTION FOR ENTRY OF SOURCE CODE ADDENDUM TO STIPULATED PROTECTIVE ORDER** |

Plaintiff Valmarc Corporation ("Plaintiff" or "Valmarc") and Defendants Nike, Inc. and Converse, Inc. (collectively, "Defendants") hereby jointly move this Court to approve a Second Addendum to the Stipulated Protective Order entered in this case (ECF No. 74). The Second Addendum is attached to this Joint Motion as Exhibit A.

Defendants moved to compel the production of Plaintiff's source code (ECF No. 130), and the parties resolved the motion by agreeing to allow the inspection of each other's source code according to an agreed-upon inspection protocol. The purpose of this Second Addendum is to have the source-code-inspection protocol approved by the Court and to create an additional level of protection under the Protective Order for the parties' source code.

Based upon the above-cited orders and the stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. The Court reviewed the reasons offered in support of entry of this Second Addendum to Stipulated Protective Order and finds that there is good cause to protect the confidential nature of the parties' source code and to adopt the source code inspection protocol agreed-upon by the parties.

2. The Court **GRANTS** the motion and ADOPTS and APPROVES the Second Addendum to Stipulated Protective Order (ECF No. 74) attached as Exhibit A to this Order.

So stipulated:

BARTLIT BECK LLP

/s/ *Joshua P. Ackerman*
Joshua P. Ackerman
Nevin M. Gewertz (*pro hac vice*)
nevin.gewertz@bartlitbeck.com
Joshua P. Ackerman (*pro hac vice*)
joshua.ackerman@bartlitbeck.com
Anastasiya Maione (*pro hac vice*)
stacy.maione@bartlitbeck.com

DLA PIPER LLP

/s/ *Ferlillia V. Roberson*
Ferlillia V. Roberson
Richard T. Mulloy (*pro hac vice*)
richard.mulloy@dlapiper.com
Stanley J. Panikowski (*pro hac vice*)
stanley.panikowski@dlapiper.com
Edward H. Sikorski (*pro hac vice*)
ed.sikorski@dlapiper.com

54 W Hubbard Street
Chicago, IL 60654
(312) 494-4400

**MARKOWITZ HERBOLD PC**
Laura Salerno Owens (OSB No. 076230)
laurasalerno@markowitzherbold.com
David B. Markowitz (OSB No. 742046)
davidmarkowitz@markowitzherbold.com
Adam M. Starr
adamstarr@markowitzherbold.com
1455 SW Broadway, Suite 1900
Portland, OR 97201
(503) 295-3085

**HILGERS GRABEN, PLLC**
Jon B. Hyland (*pro hac vice*)
jhyland@hilgersgraben.com
Bennett Rawicki (*pro hac vice*)
brawicki@hilgersgraben.com
7859 Walnut Hill Lane, Suite 335
Dallas, TX 75230
(972) 645-3097

William M. Burgess (*pro hac vice)*
wburgess@hilgersgraben.com
1201 Peachtree Street N.E.,
Building 4, Suite 100
Atlanta, GA 30361
(404) 595-7747

Adam Nyenhuis (*pro hac vice)*
anyenhuis@hilgersgraben.com
1320 Lincoln Mall, Suite 200
Lincoln, NE 68508
(402) 218-2106

Susan A. O'Brien (*pro hac vice*)
sobrien@hilgersgraben.com
332 S. Michigan Ave., Suite 121
Chicago, IL 60604
(773) 372-0170

*Attorneys for Plaintiff Valmarc Corp.*

4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133

Ferlillia V. Roberson (*pro hac vice*)
ferlillia.roberson@dlapiper.com
444 West Lake Street, Suite 900
Chicago, Illinois, 60606-0089

Ilana H. Eisenstein (*pro hac vice*)
ilana.eisenstein@dlapiper.com
Ben C. Fabens-Lassen (*pro hac vice*)
ben.fabens-lassen@dlapiper.com
Aaron J. Shaddy (*pro hac vice*)
aaron.shaddy@dlapiper.com
Joseph M. Baker (*pro hac vice*)
joseph.baker@us.dlapiper.com
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103-7300

Harry P. Rudo (*pro hac vice*)
harry.rudo@dlapiper.com
650 South Exeter Street, Suite 1100
Baltimore, MD 21202-4576

**STOEL RIVES LLP**
B. John Casey (OSB No. 120025)
john.casey@stoel.com
Elliott Williams (OSB No. 144835)
elliott.williams@stoel.com
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205

*Attorneys for Defendants Nike, Inc. and Converse, Inc*

**IT IS SO ORDERED.**

DATED: 12/21/2023

/s/ Karin J. Immergut

Karin J. Immergut
United States District Judge

# EXHIBIT A

**SECOND ADDENDUM TO PROTECTIVE ORDER (ECF NO. 74)**

Upon stipulation of the Parties, and approval by the Court, IT IS HEREBY ORDERED as follows:

26. In addition to the designations of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," in Paragraph 1 of the Protective Order, and "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY – THIRD PARTY INFORMATION" in Paragraph 19 of the Addendum to Protective Order, a Supplier may designate documents, testimony, and other materials that constitute or contain non-public Source Code of the Supplier or any non-party that a Supplier is permitted to produce in this Litigation as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY - SOURCE CODE." "Supplier" shall mean any party or non-party that makes Source Code available for review. "Receiving Party" shall mean any party that is permitted to review Source Code and/or receives Source Code print-outs provided by the Supplier.

A. "Source Code" shall mean human-readable programming language text that defines software, firmware, and/or circuits ("Source Code"). Source Code further includes the text of any comments associated with any of the foregoing, any files containing any of the foregoing and all directory and folder structures in which such files are maintained. Source Code includes, but is not limited to, any text written in any high-level programming language defining firmware, software, and/or circuit functionalities, such as files containing text written in C, C++, C#, Objective C, Java, MATLAB, assembly language and macros, digital signal processor ("DSP") programming languages, and other programming languages. Source Code further includes any ".include" files, "make" files, "link" files, and other human-readable text files used in the generation and/or building of firmware or software directly executed on a microprocessor,

microcontroller, or DSP, and includes all directory and folder structures in which such files are maintained, any text files containing Source Code in VHDL, Verilog, and other Hardware Description Language ("HDL") formats, including but not limited to, Register Transfer Level ("RTL") descriptions, and text files containing circuit descriptions in SPICE or other circuit netlist formats. For clarity, Source Code filenames and directory structures are accorded the same protection that is accorded to actual Source Code.

B. Materials designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY - SOURCE CODE" shall not be disclosed to anyone except the following persons ("SOURCE CODE QUALIFIED PERSONS"):

(i) Outside Litigation Counsel of record in this Litigation, and administrative staff employed by such litigation counsel who are necessarily incident to this Litigation;

(ii) The Court, jury, and the Court's personnel;

(iii) court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings, or trial in this Litigation, provided that such persons agree to be bound by the provisions of this Protective Order;

(iv) a reasonable number of qualified experts or consultants retained by a party for purposes of this Litigation (under paragraph 7(d) of this Protective Order, hereinafter, "Qualified Experts");

(v) outside vendors retained for the purpose of preparing graphics or presentations for use as a demonstrative in a brief or other form of submission or proceeding incident to this Litigation;

(vi) a Supplier's own employees, 30(b)(6) witnesses, or expert witnesses; and

(vii) anyone else to whom the Supplier consents, as long as such consent is expressly provided in writing by outside counsel of record for the Supplier.

C. Qualified Experts may only review HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY - SOURCE CODE after being expressly identified to the Supplier as seeking access to HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY - SOURCE CODE at least ten (10) business days prior to said expert's first inspection of HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY - SOURCE CODE. If an objection to a Qualified Expert's inspection is made by the Supplier, it will be the burden of the Supplier to prove that the individual should not be authorized to inspect the Supplier's HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY - SOURCE CODE.

D. Source Code shall be provided with the following additional protections:

(i) Nothing in this Protective Order shall obligate the parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

(ii) Access to Source Code will only be given to SOURCE CODE QUALIFIED PERSONS.

(iii) Access to Source Code shall be provided by the Supplier via a secure computer ("Source Code Computer"), secured by the Supplier as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY - SOURCE CODE. Upon request by the Receiving Party and approval by Supplier, the Supplier will make reasonable efforts to install reasonable analysis tools appropriate for the type of Source Code, supplied by the

Supplier, at the Receiving Party's expense, with a license for such tools supplied by the Receiving Party at least five (5) business days in advance of the date upon which the reviewer wishes to have the software tools available for use on the Source Code Computer. Such software shall not be capable of compiling, assembling, building, or linking the source code and must otherwise be consistent with the security purposes of this Protective Order and, for example, shall not re-activate the computer's ports, reactivate any of its wireless devices or capabilities, re-activate electronic or physical copying, or otherwise defeat the security provisions. The Suppliers need not produce source code in executable format absent further agreement of the parties or order of the Court.

(iv) Defendants intend to make their Source Code available electronically in a secure location (the "Secure Location") in San Diego, California, and Plaintiff intends to make its source code available electronically in a Secure Location in Chicago, Illinois.

(v) The Source Code Computer will be made available at a mutually convenient time during business hours (9:00 a.m. to 5:00 p.m.) on Monday through Friday (excluding federal holidays) upon a minimum of seventy-two (72) business hours notice. The Source Code Computer will remain available for review by the Receiving Party through the close of expert discovery in this Litigation.

(vi) ALL SOURCE CODE QUALIFIED PERSONS who will review Source Code on the Source Code Computer on behalf of a Receiving Party shall be identified in writing to the Supplier at least five (5) business days prior to the first review conducted by the SOURCE CODE QUALIFIED PERSONS, and seventy-two (72) business hours prior to review thereafter for all Supplying Parties (subject to availability of the Source Code Computer). Such disclosure will be in addition to paragraph 26(B) of this Protective Order. The Supplier shall provide these individuals with information explaining how to start, log on to, and operate the

Source Code Computer in order to access the produced Source Code on the Source Code Computer.

(vii) Other than as described below in Paragraph 26(c)(vii)(a)-(j) or unless agreed to by the Supplier, no outside electronic devices or recording equipment, including but not limited to cameras, video recording equipment, sound recording equipment, smartphones, tablets, cell phones, computers and laptops, floppy drives, CDs, DVDs, USB-connectable devices, zip drives or drives of any kind, peripheral equipment, or other computer hardware shall be permitted in the room with the Source Code Computer. No Receiving Party will connect any electronic device to any Source Code Computer.

(b) The reviewer shall not take notes electronically on the Source Code Computer itself or any other computer or electronic device while conducting a review.

(c) The reviewer shall be entitled to take handwritten notes relating to the Source Code but may not copy the Source Code into the notes. Such notes will be labeled "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY - SOURCE CODE."

(d) No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected, except as otherwise provided herein. Furthermore, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

(viii) The Supplier may exercise personal supervision over the Receiving Party outside of the Secure Location when the Receiving Party is in the Secure Location. Such supervision, however, shall not entail review of any work product generated by the Receiving Party, e.g., monitoring the screens of the stand-alone computer, or monitoring any surface

reflecting any notes or work product of the Receiving Party. There will be no video supervision by any Supplier in a way that would reveal the substance of the review.

(ix) The Supplier may employ security measures on the Source Code Computer such as physical measures to prevent or detect tampering with the Source Code Computer, disabling of communication ports and software functionality, data encryption, access logging limitations on access privileges by the Receiving Party, and specification and configuration of the operating system and software tools to be used for inspecting the Source Code. The Receiving Party shall not attempt to circumvent any security measures implemented by the Supplier, under any circumstances. In order to verify that its Source Code has not later been altered, the Supplier may benchmark the materials before and after they are provided, but shall not install any keystroke or other monitoring software on the Source Code Computer.

(x) Proper identification of all SOURCE CODE QUALIFIED PERSONS shall be provided prior to any access to the Secure Location or the Source Code Computer. Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the District of Columbia, or by the United States federal government. Access to the Secure Location or the Source Code Computer may be denied, at the discretion of the Supplier, to any individual who fails to provide proper identification. Any SOURCE CODE QUALIFIED PERSONS who request access to the Secure Location or the Source Code Computer shall counter-sign a copy of this Protective Order Supplement prior to commencing that person's first inspection.

(xi) All SOURCE CODE QUALIFIED PERSONS who review Source Code on a Source Code Computer on behalf of a Receiving Party shall sign on each day they view Source Code on the Source Code Computer a log that will include the names of persons who enter

the Secure Location to view the Source Code and when they enter and depart each day. The Supplier's outside counsel shall maintain the log and any party shall be entitled to review the log.

(xii) SOURCE CODE QUALIFIED PERSONS may select portions of the Source Code to print only when reasonably necessary to facilitate the Receiving Party's preparation of filings with the Court, expert reports, contentions, and trial exhibits, and shall request printing of only such portions as are believed to be relevant to the claims and defenses in the case and are reasonably necessary for such purposes. SOURCE CODE QUALIFIED PERSONS shall not request the printing of Source Code which have not been reviewed on the Source Code Computer, or in order to review the Source Code elsewhere in the first instance, i.e., as an alternative to reviewing them electronically on the Source Code Computer, as the parties to this Litigation acknowledge and agree that the purpose of the protections herein would be frustrated by such actions.

(xiii) At the request of the Receiving Party, the Supplier shall, within three (3) business days of the request, provide three (2) hard copy print-outs on watermarked paper of the Source Code that the Receiving Party believes in good faith is necessary to understand a feature relevant to this Litigation. The Receiving Party may provide such copies of the Source Code to its Qualified Experts who are SOURCE CODE QUALIFIED PERSONS. Except as otherwise provided herein, for any Source Code provided on the Source Code Computer, the total number of print-outs existing at any time shall not exceed three (3) copies, absent express permission from the Supplier. The Receiving Party of any Source Code shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon three (3) business days' advance notice to

the Receiving Party by the Supplier, the Receiving Party shall provide a copy of this log to the Supplier.

If the Supplier objects to the production of the requested Source Code printouts because the request is excessive, it shall state its objection within three (3) business days from the Receiving Party's request for printed copies of the Source Code. For purposes of this paragraph, printed portions of Source Code that exceed three hundred (300) total pages for any software release shall be rebuttably presumed to be excessive and cannot be printed for a permitted purpose absent the agreement of the Supplier or an order from the Court. A request for printing of a continuous block of more than ten (10) pages of Source Code shall be rebuttably presumed to be excessive and cannot be printed for a permitted purpose absent the agreement of the Supplier or an order from the Court. One page of printed Source Code shall mean one column of Source Code printed in size 12 font on one single-sided sheet of paper measuring no more than 8 and 1/2 inches by 11 inches. The Supplier and Receiving Party agree to meet and confer within two (2) business days of service of the Supplier's objection to attempt to resolve such objection. If the Supplier and Receiving Party cannot resolve such objection during this meet and confer, the Receiving Party may file a motion to compel the production of the requested Source Code.

To request printed Source Code, the Receiving Party shall log the location of the electronic file(s) from which each print-out is to be made such that the electronic file(s) may be readily located on the Source Code Computer. Such logging shall include, but is not limited to, complete filenames, directory paths, line numbers and, as applicable, version numbers and revision numbers. The Receiving Party shall supply this log to the Supplier at the end of each review session (such log, the "Source Code Review Print Log"). The Supplier shall provide to the Receiving Party a hard copy of the Source Code Review Print Log, along with and according to the terms provided

above for provision of, hard copy print-outs of the corresponding Source Code. The Receiving Party's failure to adequately log the location of the file(s) it requests shall be at least one non-exclusive ground on which the Supplier may object and properly refuse to provide the printed pages. In addition to other reasonable steps to maintain the security and confidentiality of the Supplier's Source Code, printed copies of the Source Code maintained by the Receiving Party must be kept in a locked storage container in a secure location, accessible only to persons identified in paragraph 26(B), when not in use.

(xiv) No copies shall be made of Source Code or any portion thereof, whether physical, electronic, or otherwise, other than the copies expressly allowed herein and any volatile copies necessarily made in the normal course of accessing the Source Code on the standalone computer.

(xv) All paper copy print-outs of Source Code shall be made on Bates numbered paper clearly labeled "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY - SOURCE CODE" on each page provided by the Supplier. Each page of printed Source Code shall include in the header or footer the complete path and file name of the Source Code, and if possible line number, so that the source of the Source Code can be readily identified. All paper copies of the Source Code or any notes, analyses, or descriptions of Source Code shall be maintained by Outside Counsel for the Receiving Party or its Qualified Experts who are SOURCE CODE QUALIFIED PERSONS at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including but not limited to, storing the Source Code in a locked room or cabinet at all times when it is not in use. The Receiving Party may also temporarily keep the print-outs at: (a) the Court for any proceedings(s); (b) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); (c)

intermediate locations reasonably necessary to transport the Source Code (e.g., a hotel prior to a Court proceeding or deposition); and (d) a location where a Receiving Party's Qualified Experts will work with print-outs with Outside Counsel for a Receiving Party. The Receiving Party shall exercise due care in maintaining the security of the print-outs at these temporary locations, including by securing them in a locked room or cabinet when Outside Counsel is not in the immediate vicinity. To the extent that any Source Code is transmitted from or to Outside Counsel, Qualified Consultants, or Qualified Experts outside of the receiving party's Outside Counsel's office, or outside of the ESI Vendor's system, the transmission shall be by hand, by a secure transport carrier (e.g., Federal Express), or by encrypted electronic means[1] (if Source Code exist in electronic form as explicitly allowed herein, for example, in a required Court filing).[2] No further hard copies of Source Code shall be made except as described below and the Source Code shall not be transferred into any electronic format or onto any electronic media except that:

(a) To the extent that depositions are conducted in person, the Receiving Party is permitted to request that the Supplier provide an additional (1) hard copy of identified, printed Source Code files for use at a deposition. These copies do not count against the two (2) total copies Suppliers produce pursuant to paragraph 26(D)(xiii), but if additional hard copies of Source Code are generated for depositions, they must be added to the print log. The copies are to be printed on color paper to make them easily distinguishable from originals. The

---

[1] For encrypted electronic means, the password should be transmitted in a separate second communication apart from the means to transmit the encrypted files containing the Source Code. The password must be unique (i.e., a password that has the party not been previously used to transmit an encrypted electronic file) and contain a minimum length of 10 characters, including at least one upper case and one lowercase alphabetic characters apiece, at least one numeral, and at least one symbol.

[2] To the extent the Receiving Party needs to identify or address deficiencies in or issues pertaining to the source code production in correspondence, the Receiving Party is permitted to include source code filenames and/or file paths identifying the subject source code via encrypted electronic means as set forth herein.

Receiving Party must make such request at least four (4) business days prior to the deposition at which the copies may be used.

(b) To the extent that the depositions are conducted remotely, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least two (2) business days prior to the deposition, the Receiving Party shall provide the Supplier the Bates numbers for the specific previously printed pages of Source Code it wishes to use at the deposition, and the Supplier shall either bring printed copies of those pages to the deposition or send, via secure courier, the requested printed copies to the witness for use by the witness during the deposition. If any printed copies are provided to the witness directly, the printouts must be destroyed at the conclusion of the deposition.

(c) Where absolutely necessary, required, or requested by the Court, the Receiving Party and the Supplier may make further copies of original Source Code print-outs in the form required to be included in connection with a Court filing, hearing, or trial, and of only the specific pages actually cited in the Court filing and that are directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered. For the sake of clarity, a Court filing may not consist of excerpts containing more than five (5) pages of continuous Source Code. To the extent portions of Source Code are quoted in a Court filing, it shall be filed under seal and either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY - SOURCE CODE; or (2) those pages containing quoted Source Code will be separately stamped and bound and treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY - SOURCE CODE. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead).

(xvi) Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. The deposition transcript shall be designated and is to be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY - SOURCE CODE." Moreover, the marked original exhibit shall be maintained by the Receiving Party until trial. All other copies used at a deposition shall be destroyed or returned to the Supplier. This provision does not prevent the attorney taking the deposition from bringing personally to the deposition a printed copy of the Source Code that contains work product notes for the taking of the deposition, which copy shall be retained by the deposing attorney at the end of the deposition.

(xvii) Within thirty (30) calendar days after final resolution of this Litigation, including all appeals, the Receiving Party must serve upon Supplier a certification of the destruction of all copies of the Supplier's Source Code.

(xviii) Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-styled case. No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code in this case for any other purpose or for any pending or future dispute, proceeding, or litigation.

(xix) Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the secure room. The Supplier shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any

items left in the room following each inspection session without a prior agreement to that effect.

E. No prejudice. The parties agree that entering into this Protective Order Addendum is without prejudice to any party's rights to propose, request, or otherwise move for different provisions relating to Source Code production in any other litigation.